JS 44 (Rev. 10/20)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
AYESHA MOSLEY

**DEFENDANTS**
LANKENAU HOSPITAL a/k/a LANKENAU MEDICAL CENTER and MAIN LINE HEALTH, INC.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esq., 815 Greenwood Ave., Ste. 22, Jenkintown, PA 19046, 215-576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel &    [ ] 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine    [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |    **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability    [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury    [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice    [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment    [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations    [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment    [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other    **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education    [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 USC 2000-1 e-1, et seq.
Brief description of cause:
Racial discrimination during course and scope of employment

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
10/13/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _1429 W. END DRIVE, PHILADELPHIA PA 19132_

Address of Defendant: _100 E. LANCASTER AVE. WYNNE WOOD, PA 19096_

Place of Accident, Incident or Transaction: _100 E. LANCASTER AVE., WYNNEWOOD, PA 19096_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒ /

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/13/2020_ _____ _60643_
*Must sign here*
*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _MARC A. WEINBERG_, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _10/13/2020_ _____ _60643_
*Sign here if applicable*
*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

MOSLEY                                  :          CIVIL ACTION
                                        :
              v.                        :
                                        :
LANKENAU HOSPITAL,                      :          NO.
         et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

10/13/2020                MARC A. WEINBERG          PLAINTIFF
**Date**                  **Attorney-at-law**        **Attorney for**

(215) 576-0100            (215) 576-6288            MWEINBERG@SAFANBIN.COM
**Telephone**             **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYESHA MOSLEY<br>1429 W. End Drive<br>Philadelphia, PA 19132<br>　　　　　Plaintiff,<br><br>　　v.<br><br>LANKENAU HOSPITAL a/k/a<br>LANKENAU MEDICAL CENTER<br>100 E. Lancaster Avenue<br>Wynnewood, PA 19096<br>　　　and<br>MAIN LINE HEALTH, INC.<br>130 South Bryn Mawr Avenue<br>Bryn Mawr, PA 19010<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Civil Action

Jury Trial Demanded

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.　　Plaintiff, Ayesha Mosley, brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Racial Discrimination and Retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, Retaliation and pursuant to applicable Pennsylvania common law.  Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation, and other tortious actions.

## II. JURISDICTION AND VENUE

2.　　Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

3.　　Plaintiff has complied with all jurisdictional prerequisites including those set forth

1

in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment

Opportunity Commission on September 2, 2020. (See Exhibit "A").

    4.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C.

§1391 and 42 U.S.C. § 2000 e-5.

    5.     At all times material hereto, Lankenau Hospital a/k/a Lankenau Medical Center

and Main Line Health, Inc., (hereinafter collectively referred to as "Defendants") were "engaged

in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42

U.S.C. §2000e.

    6.     At all times material hereto, Defendants employed more than 50 employees.

    7.     At all times material hereto, Defendants were an "employer" as defined by

§701(b) of Title VII, 42 U.S.C. §2000 e.

    8.     At all times material hereto, Defendants were an "employer" as defined by §4 of

the Pennsylvania Human Relations Act, 43 P.S. §954.

    9.     At all times material hereto, Defendants, were an "employer" of Plaintiff as

defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

    10.    At all times material hereto, the Defendants' discrimination occurred within the

district of this Court and in the County of Montgomery.

## III. <u>THE PARTIES</u>

    11.    Plaintiff, Ayesha Mosley (hereinafter "Mosely" and/or "Plaintiff"), is an adult

female, who is African American.

    12.    Upon information and belief, Defendants Main Line Health, Inc., and Lankenau

Hospital a/k/a Lankenau Medical Center own and operate a hospital, with a registered address

2

and a principal place of business located at 100 E. Lancaster Avenue, Wynnewood, PA 19096,

where at all material times hereto, Plaintiff was employed.

13.     Upon information and belief, Lorendana Mercolgliana (hereinafter

"Mercolgliana"), a Caucasian female, was employed by Defendants as the Director and at all

times material hereto had the authority to discipline and terminate Mosely.

14.     At all times material hereto, the discrimination enumerated within this Complaint

occurred within the Commonwealth of Pennsylvania at Defendants' hospital in Montgomery

County, Pennsylvania.

## IV.  **FACTUAL BACKGROUND**

15.     Plaintiff was an employee of Lankenau Hospital a/k/a Lankenau Medical Center

and Main Line Health, Inc. ("Defendants"), employed in the Cardiovascular Imaging Department

as a Cardiac Stenographer.

16.     Plaintiff She was hired in or about July 25, 2012.

17.     At all times relevant hereto, Mosely was supervised by Mercolgliano, who is a

white female.

18.     Mercolgliano singled out the Plaintiff for her race, African American.

19.     Upon information and belief, Mosely was also singled out by the Defendants'

Human Resources representatives, William Clifford, and Gregory Papa, for her race.

20.     Plaintiff was subjected to severe and ongoing harassment, with Mercolgliano

making racially motivated comments to Plaintiff.

21.     Mercolgliano would make racially motivated comments regarding the "queens"

(African-American employees) in the department not trusting white employees in the

3

department.

22.     At one point, Mercolgliano told the Plaintiff that her hair color "didn't fit" her skin tone.

23.     Plaintiff was held to a separate standard than that of her white workers, including when Plaintiff was falsely accused of having inappropriate behavior toward patients, and co-workers.

24.     These false accusations led to Plaintiff's pretextual firing.

25.     Mercolgliano prevented Plaintiff from advancing in the Hospital to a different position, while white workers were not subjected to the same treatment as African American workers like the Plaintiff.

26.     Mercolgliano was also responsible for the termination of two (2) other African American workers, in similar positions to the Plaintiff.

27.     Prior to her firing, Plaintiff was one of only two (2) African American employees in her department.

28.     The department employed thirty-seven (37) people.

29.     Prior to Mercolgliano's instillation as supervisor, there were four (4) African American employees, but, Mercolgliano had three (3), including Plaintiff, terminated.

30.     Plaintiff reported her racial discrimination at the hands of Mercolgliano, to both Papa and Clifford, who took no action.

31.     In retaliation for reporting the racial discrimination she suffered, Plaintiff was pretextually terminated by Defendants on or about May 29, 2019.

32.     The aforementioned conduct of Defendants and Mercolgliano was materially

4

adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

33.    Defendants had a continued need for the work that Plaintiff had been performing.

34.    Plaintiff complained about the discriminatory conduct she was experiencing, however, Defendants took no action.

35.    Notwithstanding, Plaintiff's complaints and clear indication to Defendants that the aforesaid comments and conduct were unwelcome, unwanted and upsetting, the harassing conduct continued throughout the course of her employment with Defendants.

36.    At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendants failed to follow any requirements of said policy.

37.    As a direct and proximate result of Defendants' aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

  (a)    was discharged from her employment to her great financial detriment

  (b)    was caused pain and suffering, physical injury and a loss of enjoyment of life; and

  (c)    suffered severe emotional distress, embarrassment, humiliation and

5

depression.

38.     When Plaintiff reported the harassment to Human Relations, she was subject to retaliation in the form of termination.

## COUNT I
## AYESHA MOSLEY V. LANKENAU HOSPITAL A/K/A LANKENAU MEDICAL CENTER AND MAIN LINE HEALTH, INC.
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000

39.     Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

40.     The conduct of Defendants and Mercolgliano's treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her Race.

WHEREFORE, Plaintiff, Ayesha Mosley, demands judgment against Defendants, Lankenau Hospital a/k/a Lankenau Medical Center and Main Line Health, Inc., including:

(a)     A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b)  equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c)  equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d)  equitable and declaratory relief requiring the posting of notices on the

6

premises so that employees will know and understand their rights and remedies, including official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
## AYESHA MOSLEY V. LANKENAU HOSPITAL A/K/A LANKENAU MEDICAL CENTER AND MAIN LINE HEALTH, INC_
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

41.     All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

42.     The conduct of Defendants' treatment of Plaintiff in her employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her Race.

43.     Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of her race.

44.     As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental

anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Ayesha Mosley demands judgment against Defendants, including:

(a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant, Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court my deem appropriate under the circumstances.

.

Respectfully submitted,

SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
Pa. Atty. I.D. No.: 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com

Dated:

.

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Ayesha Mosley<br>1429 W End Drive<br>Philadelphia, PA 19151 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | | EEOC Representative | | Telephone No. |
|---|---|---|---|---|
| **530-2020-01091** | | **Legal Unit,**<br>**Legal Technician** | | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Jamie R. Williamson,
**District Director**

September 2, 2020

Enclosures(s)

*(Date Mailed)*

cc:
Susan K. Lessack, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312

Marc A. Weinberg, Esq.
SAFFREN & WEINBERG
815 Greenwood Avenue
Jenkintown, PA 19046



RECEIVED
SEP 0 3 2020
BY:_____